UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60268-STRAUSS

**INSPIRATIONS NEVADA LLC,**

 Plaintiff,
v.

**MED PRO BILLING, INC.,**

 Defendant.
_____/

### ORDER ON MOTIONS FOR SANCTIONS

THIS MATTER came before the Court upon Plaintiff's Motion for Sanctions Pursuant to FRCP 37(d) [DE 59] ("First Motion") and Plaintiff's Motion for Sanctions Pursuant to FRCP 37(d) [DE 60] ("Second Motion"). The First Motion seeks sanctions against Defendant, in the amount of $10,028.84, as Defendant's Rule 30(b)(6) designee failed to appear for an October 2, 2020 deposition. The Second Motion seeks sanctions, also in the amount of $10,028.84, against Melissa Zachariasz ("Zachariasz"), Defendant's President,[1] as Zachariasz failed to appear at her October 5, 2020 deposition. It is undisputed that no deponent appeared for either deposition. I have reviewed both motions, the response filed by Defendant and Zachariasz [DE 72], and all exhibits to the motions and response.

Notices for both depositions were initially served on Defendant's counsel on September 11, 2020. Amended notices were then served on September 14, 2020. Thus, Plaintiff provided sufficient advance notice. Contrary to Zachariasz's contention, Plaintiff was not required to serve

---

[1] In the Second Motion, Plaintiff states that Zachariasz is a principal of Defendant. Defendant does not contest this statement and, in fact, states in its Response that Zachariasz is Defendant's President and sole employee.

her with a subpoena because she is the President of Defendant. *See Exim Brickell, LLC v. Bariven, S.A.*, No. 09-20915-CIV, 2010 WL 11465462, at *1 (S.D. Fla. May 19, 2010) ("It is well established that an officer, director, or 'managing agent' of a corporate party may be compelled to give testimony pursuant to a notice of deposition, without need for a subpoena." (citing *Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV-ZLOCH, 2008 WL 4487679 at *2 (S.D. Fla. Sep. 29, 2008))). However, any award of sanctions under Rule 37(d) for Zachariasz's non-appearance can only be against Defendant (or its counsel), not Zachariasz. As reflected in the advisory committee notes to the 1970 amendment to Rule 37(d), "[t]he failure of an officer or managing agent of a party to make discovery as required by present Rule 37(d) is treated as the failure of the party." *See also Inmuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 566 (S.D. Fla. 2001) (noting that sanctions under Rule 37(d) are imposed "against a party").

Pursuant to Rule 37(d)(1)(A)(i), the Court may order sanctions if "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." The failure to appear for such a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). If a court awards sanctions under Rule 37(d), it "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). "No showing of willfulness or bad faith or fault is required." *Joe Hand Promotions, Inc. v. Bowers*, No. 1:18-CV-3859-MHC, 2020 WL 4557072, at *2 (N.D. Ga. Feb. 25, 2020) (quoting *Betancourt v. Gen.*

*Servs. of VA, Inc.*, No. 8:14-cv-01219-T-17MAP, 2015 WL 13792037, at *2 (M.D. Fla. May 22, 2015)).

Here, Defendant and Zachariasz argue that no sanctions should be awarded because their non-appearance at the depositions was substantially justified and that an award of expenses would be unjust. Specifically, they argue that Plaintiff failed to coordinate the depositions' dates and that Plaintiff refused to reschedule the depositions even though Defendant's counsel promptly informed Plaintiff, upon receiving the deposition notices, that he and Zachariasz were unavailable. Defendant and Zachariasz also assert that they requested the depositions be rescheduled and that Defendant's counsel provided multiple alternative dates within the two weeks following the scheduled dates. Additionally, Defendant contends that Plaintiff was unreasonable in refusing to schedule remote depositions in light of the COVID-19 pandemic and Zachariasz's consistent assertions (through Defendant's counsel) of her particular health concerns. Plaintiff, however, contends that its counsel coordinated the depositions, with a confirming email to which Defendant did not respond, and that reasonable pandemic-related precautions were in place such that the depositions should have proceeded in person.

I find that both parties are partially to blame for the missed the depositions. First, as to Defendant, regardless as to how the depositions came to be scheduled, Defendant and Zachariasz should have moved for a protective order rather than simply failing to appear at the depositions of which they had plainly adequate notice. The parties dispute whether Plaintiff's counsel initially coordinated the deposition dates with Defendant's counsel, but that question is ultimately immaterial. While a party noticing a deposition should certainly attempt in good faith to coordinate deposition dates in advance, as it is unprofessional to do otherwise, such coordination is not required under the Federal Rules of Civil Procedure. Though some details here are disputed, it is

clear from the emails attached to Defendant's response that Defendant's counsel repeatedly reached out to Plaintiff's counsel regarding a conflict with the deposition dates and provided alternative dates. At that point, Plaintiff should have rescheduled the depositions (for both the sake of practicality and professional courtesy), but it did not. Nevertheless, when Plaintiff refused to reschedule the depositions, Defendant and Zachariasz had two choices: (1) appear for the depositions; or (2) seek a protective order. They did neither. Their failure to appear for their duly-noticed depositions, without obtaining (let alone seeking) a protective order was not substantially justified. Under the circumstances, reasonable people could not differ as to the need to at least seek a protective order, particularly when the deposition notices were received several weeks in advance. *See Knight ex rel. Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017) ("Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." (quoting *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997))).[2]

That said, Plaintiff is partially at fault for incurring some of the alleged expenses it now seeks to recover. First, Defendant clearly communicated to Plaintiff more than two weeks in advance that the deponents would not be appearing at the October 2, 2020 and October 5, 2020 depositions [*see* DE 72-5]. While it was inappropriate for the deponents to fail to appear without obtaining a protective order, Plaintiff apparently chose not to communicate with Defendant when no motion for protective order was filed to confirm whether Defendant had decided to attend. Instead, Plaintiff chose to forge ahead and incur its travel costs and other expenses anyway. Second, Plaintiff should have worked with Defendant to reschedule the depositions and should

---

[2] Plaintiff's refusal to arrange a remote deposition, when requested by Defendant's counsel well in advance, was also unreasonable and unprofessional. Nevertheless, this does not justify or excuse the failure to appear without at least seeking a protective order.

have honored Defendant's request for the two depositions to be conducted remotely. Under these circumstances, the amount of fees and costs Plaintiff incurred is unreasonable.

Moreover, while Plaintiff demands $10,028.84, Plaintiff has failed to provide any documents establishing the reasonableness of the amount it seeks. It has not provided time records delineating the specific tasks for which it seeks compensation and it has not provided background to justify the requested hourly rate. Plaintiff has also failed to provide documents evidencing the costs it seeks to recover. It also appears that Plaintiff seeks to recover certain fees and costs that were only incurred because Plaintiff had out-of-state counsel travel to Florida for the depositions, but Plaintiff has failed to establish entitlement to such additional fees and costs. Further, expenses for time spent by Plaintiff's counsel preparing for the depositions has not gone to waste, as counsel will presumably still take those depositions and benefit from the prior preparation.

Ultimately, I find that, under these circumstances, a full award of expenses would be unjust, but a partial award would not. Defendant should have to pay something for its, and Zachariasz's, failure to appear without seeking a protective order, but it should not have to pay anything near the $10,028.84 that has been requested. In light of the foregoing, and based on Plaintiff's failure to establish the reasonableness of the fees and costs sought, I will require Defendant to pay the court reporter's appearance fee for the October 2, 2020 deposition, the October 5, 2020 deposition, and the rescheduled depositions of Zachariasz and Defendant's Rule 30(b)(6) designee. I find that this represents a reasonable sanction under the circumstances.

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the First Motion and the Second Motion are **GRANTED IN PART and DENIED IN PART**. Defendant shall pay the court reporter's appearance fee for the October 2, 2020 and October 5, 2020 depositions, as well

as the court's reporter's appearance fee for the rescheduled depositions of Zachariasz and Defendant's Rule 30(b)(6) designee.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of November 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge