**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CV-60268-STRAUSS**

**INSPIRATIONS NEVADA LLC,**

  Plaintiff,

v.

**MED PRO BILLING, INC.,**

  Defendant.

_____/

**ORDER ON MOTION TO TAX COSTS**

THIS MATTER came before the Court upon Melissa Zachariasz's Notice of Taxation of Costs [DE 172] and the Memorandum in Support of Melissa Zachariasz's Bill of Costs [DE 172-1] (collectively, "Motion"). I have reviewed the Motion, the documents attached thereto, Plaintiff's Opposition to Melissa Zachariasz's Bill of Costs [DE 189] ("Response"), and the record. No reply has been filed, and the time to do so has passed. Therefore, the Motion is ripe for review. For the reasons discussed herein, the Motion will be granted in part and denied in part.

**LEGAL STANDARD**

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be supported by a sound reason. *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## **ANALYSIS**

On April 8, 2021, Plaintiff filed its 15-count Second Amended Complaint [DE 148] against Melissa Zachariasz ("Zachariasz") and three other defendants. Zachariasz was named as a defendant in Counts 3, 5, 9, 13, and 15. On May 26, 2021, the Court entered the Order on Motions to Dismiss [DE 166], dismissing Counts 2-15 of the Second Amended Complaint with prejudice. Thus, all of the counts against Zachariasz were dismissed with prejudice. Consequently, she has prevailed on Plaintiff's claims against her (and Plaintiff has not disputed that Zachariasz is a prevailing party). Therefore, Zachariasz is entitled to an award of costs against Plaintiff.

The following chart sets forth a summary of the costs that are sought and the amount that the Court will award for each category:

| Description | Amount Requested | Amount Awarded |
|---|---|---|
| Copies | $126.80 | $126.80 |
| Deposition transcripts | $6,241.34 | $5,095.30 |
| **Total** | **$6,368.14** | **$5,222.10** |

Although Plaintiff filed a Response [DE 189] to the Motion, the Response does not address the merits of the Motion. Instead, Plaintiff merely argues that the Motion is defective because Zachariasz's counsel failed to properly meet and confer with Plaintiff's counsel before filing the Motion. The Response also requests a 7-day extension of time for the parties to meet and confer before Plaintiff files a substantive response to the Motion. While Plaintiff should have filed a motion for extension of time to respond to the Motion (as opposed to merely requesting a 7-day extension of time at the end of the Response), the Court nevertheless held off on addressing the Motion until now (11 days after the Response was filed), effectively granting Plaintiff the additional time to confer with Defendant and prepare a more substantive Response. Nonetheless, no further court papers directed to the Motion have been filed. The attempt to confer that did occur prior to the filing of the Motion[1] was certainly not ideal and likely should have been made sooner. Nonetheless, the Court finds that the attempt to confer was not so lacking as to justify denying the Motion. Therefore, the Court will address the specific costs sought.

---

[1] *See* [DE 172-1] at 6 ("Pursuant to Local Rule 7.3(c), counsel for the defense called Plaintiff's counsel on June 25, 2021, to confer regarding the amounts contained in this Motion, Plaintiff's counsel advised that he did not have time to discuss the contents of the Motion at the moment and to send him an email and he would be willing to discuss on June 30, 2021. A copy of the motion was sent to Plaintiff's counsel on June 25, 2021.").

### A. COPIES

Zachariasz seeks $126.80 in copying costs. Such costs are taxable if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In support of the Motion, Zachariasz's former counsel submitted a Declaration [DE 172-3]. Therein, he declares that "[t]he amount of costs incurred by Ms. Zachariasz for each specified expenditure set forth in this Declaration are correct and have been necessarily incurred in this case and the services for which said fees have been charged and necessarily performed." [DE 172-3] ¶ 12. Moreover, the Declaration discloses the $126.80 in copying charges and notes that black and white copies were made at $0.10 per page. The Court finds this to be a reasonable charge per page. Therefore, and given that Plaintiff has not specifically contested the copying costs sought, the Court will award the requested $126.80 in copying costs.

### B. DEPOSITION TRANSCRIPTS

Zachariasz seeks to recover $6,241.34 in deposition transcript costs. These costs relate to two depositions of Keith Booher (a dismissed defendant), two depositions of Zachariasz, a deposition of Meredith Barry (a dismissed defendant), and a deposition of Sherica Salmon Greenwood (a non-party witness). Zachariasz has submitted invoices reflecting the foregoing costs. *See* [DE 172-3] at 5-11.

The taxing of costs is permitted for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Thus, deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). *See also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391 (S.D. Fla. Nov. 10, 2015). Court reporter attendance fees are also taxable under § 1920(2). *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166,

at *2 (S.D. Fla. Mar. 29, 2012). However, exhibit expenses are generally not taxable. *See id.* In addition, transcript shipping expenses are not recoverable. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012).[2]

To satisfy the necessarily obtained requirement – in order to recover transcript and court reporter appearance expenses – a deposition must only appear to have been reasonably necessary when it was taken. *See W&O*, 213 F.3d at 620-22; *Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391. Moreover, the party challenging the cost has the burden of demonstrating that the specific deposition "was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391 (quoting *George v. Fla. Dep't of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)).

Here, the Court finds that Zachariasz is entitled to recover the transcript costs (for normal delivery) but not extraneous charges such as those for exhibits and delivery and handling. With respect to the transcript charges, Plaintiff has failed to satisfy its burden of showing that the depositions were not necessary for use in the case. As to the Booher depositions, the Court will award the May 18, 2021 transcript charge of $1,256.15. [DE 172-3] at 10. However, the Court

---

[2] *But see Ashkenazi v. S. Broward Hosp. Dist.*, No. 11-61403-CIV, 2014 WL 3673308, at *2 (S.D. Fla. July 23, 2014) ("Unless shown to be necessary, optional deposition costs such as delivery and exhibits are not recoverable under 28 U.S.C. § 1920(2). Here, Defendant has failed to demonstrate that it could not have obtained the deposition transcripts other than by paying to have them delivered. Similarly, Defendant has not shown that it otherwise lacked access to the deposition exhibits. Without evidence that these charges were necessary, rather than just convenient, the Court declines to tax the costs against Plaintiff." (internal citations omitted)). In this case, Zachariasz has not demonstrated that the exhibit and delivery options were necessary, as opposed to simply convenient. Thus, even if the exhibit and delivery charges can be awarded, the Court finds that those charges should not be awarded in this case.

will reduce the January 20, 2021 transcript charge of $641.55, [DE 172-3] at 5, by one-third to $427.70 because delivery was expedited.[3] Also, Zachariasz is not entitled to recover the charges for delivery and handling and exhibits. *See* [DE 172-3] at 5, 10. As to the Zachariasz depositions, the Court will award the transcript charges of $563.15 and $1,398.60 but not the delivery and handling, video, and exhibit charges. *See* [DE 172-3] at 6-7, 9. For the Barry deposition, the Court will award the transcript charge of $867.30 but not the delivery and handling and exhibit charges. *See* [DE 172-3] at 8. Finally, for the Greenwood deposition, the Court will award the transcript charge of $582.40 but not the delivery and handling and exhibit charges. *See* [DE 172-3] at 11.

Based upon the foregoing, the Court finds that Zachariasz is entitled to recover transcript costs in the amount of $5,095.30.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Motion [DE 172] is **GRANTED IN PART AND DENIED IN PART**. Zachariasz is hereby awarded costs in the amount of **$5,222.10**, plus interest (from May 26, 2021).[4]

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of July 2021.

Jared M. Strauss
United States Magistrate Judge

---

[3] *See DuChateau*, 2012 WL 1069166, at *2 (noting that fees for expedited transcripts are not reimbursable).

[4] *See Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.").