UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60268-STRAUSS

**INSPIRATIONS NEVADA LLC,**

    Plaintiff,
v.

**MED PRO BILLING, INC.,**

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

THIS MATTER came before the Court upon Plaintiff's Motion for Leave to Amend Second Amended Complaint ("Motion") [DE 215]. I have reviewed the Motion and the attachments thereto, all related filings [DE 219, 232, 236], and the record in this case. For the reasons discussed herein, the Motion will be denied.

## BACKGROUND

Plaintiff commenced this action against Defendant, Med Pro Billing, Inc. ("Med Pro"), on February 7, 2020, asserting a breach of contract claim, three fraud claims, and an unjust enrichment claim [DE 1]. On March 4, 2020, the District Judge previously presiding over this case entered an Order Setting Calendar Call and Trial Date [DE 11], which scheduled trial for the two-week trial period commencing December 7, 2020. On April 10, 2020, the case was transferred to me, upon the consent of the parties, to conduct all further proceedings in accordance with 28 U.S.C. § 636 [DE 33].

Following transfer, I entered a Scheduling Order [DE 35] moving the trial date to April 26, 2021 (based upon the parties' preference), and setting various pretrial deadlines, including an

October 19, 2020 deadline to join parties and amend pleadings.[1]  Between the entry of the Scheduling Order and the filing of the Second Amended Complaint [DE 148], I granted multiple requests to extend deadlines (in whole or in part) [*see* DE 66, 75, 90, 99, 107, 126, 136, 142].  In fact, after several extensions, Plaintiff was ultimately permitted [*see* DE 142] to file its Second Amended Complaint [DE 148] on April 8, 2021, thereby joining parties and amending pleadings 14 months after this case was filed.  Plaintiff's Second Amended Complaint included 15 claims against 4 different parties.  However, on May 26, 2021, aside from Plaintiff's breach of contract claim against Med Pro, all other claims (Counts 2-15) were dismissed with prejudice, and all parties other than Med Pro were dismissed [*see* DE 166].  Consequently, only a single breach of contract claim, which has existed since the beginning of this case, and which is only between the 2 original (and only remaining) parties to this case, remains to be litigated (in addition to Med Pro's Counterclaim).[2]  Additionally, although the trial date has been continued multiple times [DE 35, 66, 136], trial (on Plaintiff's sole remaining claim and Med Pro's Counterclaim) is set to commence on November 1, 2021.

Now, though, Plaintiff seeks leave to amend to bring new claims, based on new facts and theories, against Med Pro, Melissa Zachariasz, who was previously dismissed as a defendant [*see* DE 166], and Jacquelyn Trask-Rahn, who, according to paragraph 112 of Plaintiff's proposed Third Amended Complaint [DE 219-3], worked for Med Pro as its in-house counsel from roughly 2015 to 2017.  Plaintiff notes that Ms. Trask-Rahn was not included in Med Pro's initial disclosures at the outset, instead only being disclosed on April 12, 2021.  *See* [DE 215] at 8.  However, certain

---

[1] Of course, this deadline would have been much earlier absent consent and transfer due to the December 7, 2020 trial date set by the District Judge prior to transfer.

[2] In its Counterclaim, Med Pro seeks to recover sums for unpaid bills related to the contract that is the subject of Plaintiff's breach of contract claim.

2

allegations and new claims in Plaintiff's proposed Third Amended Complaint stem from a call involving both Ms. Trask-Rahn and Plaintiff (specifically, its member, Scott Proctor). *See* [DE 219-3] ¶¶ 7, 117. In any event, once Ms. Trask-Rahn was identified in initial disclosures in this case on April 12, 2021, Plaintiff asserts it then learned more about her role at a June 10, 2021 deposition of Meredith Barry (a former Med Pro employee who was briefly a defendant in this case). *See* [DE 215] at 8-9. Finally, Med Pro asserts it learned additional relevant information when it conducted Ms. Trask-Rahn's deposition on June 29, 2021. Nonetheless, Plaintiff did not file the Motion until August 11, 2021, after the Court's discovery deadline. The discovery deadline passed on August 2, 2021 (though the parties were permitted to complete 2 depositions prior to August 4, 2021). *See* [DE 188, 205, 207].

## **LEGAL STANDARD**

When a party seeks leave to amend a pleading after the deadline set forth in a court's scheduling order, the party must satisfy both Rule 16(b)(4) and Rule 15(a) of the Federal Rules of Civil Procedure. *See AMG Trade & Distribution, LLC v. Nissan N. Am., Inc.*, 813 F. App'x 403, 408 (11th Cir. 2020). In such a situation, "the plaintiff 'must first demonstrate good cause under Rule 16(b) before [courts] will consider whether amendment is proper under Rule 15(a).'" *Id.* (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). *See also Lamothe v. Bal Harbour 101 Condo. Ass'n, Inc.*, 316 F. App'x 844, 846 (11th Cir. 2008) ("If a motion for leave to amend is filed after the deadline set in a scheduling order issued pursuant to Rule 16 of the Federal Rules of Civil Procedure, the motion is governed first by Rule 16(b)." (citing *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir.2007))). Importantly, in most cases (including this case), Rule 16(b)(1) requires the issuance of a scheduling order, and Rule 16(b)(3)(A) requires that the scheduling order "limit the time to join other parties, amend the

pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once a scheduling order is issued, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also Smith*, 487 F.3d at 1366 ("[W]here a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted."). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *AMG Trade*, 813 F. App'x at 408 (quoting *Sosa*, 133 F.3d at 1418) (internal quotation marks omitted).

Under Rule 15, if the time to amend as a matter of course has passed (as it has here), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A "court should freely give leave when justice so requires." *Id.* Courts consider several factors when ruling on a motion for leave to amend including "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1241 (11th Cir. 2009)). *See also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

**DISCUSSION**

Plaintiff has failed to establish good cause to amend its complaint at this late stage. As an initial matter, even though Ms. Trask-Rahn was not included in initial disclosures until April 12, 2021, and even though Plaintiff learned more information about Ms. Trask-Rahn and her role at Med Pro during June 2021 depositions, Plaintiff evidently was aware of Ms. Trask-Rahn prior to the commencement of this case. That is because Plaintiff – through its member Mr. Proctor – communicated with Ms. Trask-Rahn prior to the commencement of this case regarding certain issues allegedly related to the new claims. *See* [DE 219-3] ¶ 117. Indeed, Ms. Trask-Rahn's alleged provision of "legal advice" on "the legal ramifications" of insurance reimbursement schema during that communication constituted part of the alleged "Fraudulent Legal Services" of which Plaintiff now complains.[3] *Id*.

But even putting that aside, Plaintiff has shown little regard for the Court's scheduling orders in this case and has failed to act with diligence. To be sure, neither party has acted with diligence, and Med Pro has been the cause of some delay in this case. But Plaintiff is also responsible for the slow pace of this case to date. Significantly, in recent months, the Court has stressed to the parties that this case needs to move forward and that the parties will need to meet deadlines. For instance, at a March 22, 2021 case management conference, shortly after Plaintiff added new parties (who have since been dismissed), the Court stressed that the parties needed to

---

[3] Based on Plaintiff's Reply, Plaintiff apparently contends that it could not recognize that this "legal advice" on "legal ramifications" constituted what Plaintiff has described as concealed "Fraudulent Legal Services" because Ms. Trask-Rahn did not indicate that she was legal counsel. [DE 236] at 5. The Court finds this explanation, in the context of the claims Plaintiff seeks to add in its proposed Third Amended Complaint, unavailing. To the extent Plaintiff has any such claims, it surely could have discovered them much sooner with appropriate diligence.

advance the case and that the Court would be unlikely to further extend deadlines. Additionally, as the Court stated in a July 2, 2021 Paperless Order:

> Plaintiff's counsel has requested a discovery hearing for Plaintiff to make an ore tenus motion to extend the discovery deadline. Because Plaintiff seeks an extension of a deadline set forth in the Court's Scheduling Order, Plaintiff will need to file a motion. Provided that Plaintiff files any such motion by **7/7/2021,** the Court will consider the motion at the 7/9/2021 hearing. *Any such motion will need to establish good cause to extend the discovery deadline (and the other deadlines that will be impacted by Plaintiff's requested two-month extension of the discovery deadline). In attempting to establish good cause, Plaintiff should keep in mind that the primary reason the Court previously extended the discovery deadline (from 3/8/21 to 7/12/21) was because of the addition of new parties and claims. However, those new parties and claims have since been dismissed. Therefore, Plaintiff's attempt to establish good cause must explain why discovery remains outstanding between two parties that would have been required to complete discovery four months ago but for the addition of parties and claims that are no longer before the Court.*

[DE 177] (emphasis added). In addition to remarking on various occasions that the Court was unlikely to further extend deadlines, the Court has also specifically stated in at least two orders that deadlines would not be further extended "absent exceptional circumstances" [DE 99, 136]. More recently, the Court stated in a July 9, 2021 order that "[n]o further extensions will be granted." [DE 188].

Evidently, Plaintiff has failed to heed the Court's *many* warnings. Even if the Court were to credit Plaintiff's contention that it could not have pursued its new claims until after Ms. Trask-Rahn's June 29, 2021 deposition, there is simply no excuse for Plaintiff not seeking leave to amend until August 11, 2021. Remarkably, Plaintiff indicated in a July 7, 2021 motion that it planned to seek leave to amend to bring the new claims it now seeks to bring. [DE 180] at 11. That motion provided numerous excerpts from Ms. Trask-Rahn's deposition and discussed issues related to the new claims Plaintiff now seeks to bring. *See id.* at 5-8, 11. Yet, Plaintiff still waited over an additional month to seek leave to amend. In the interim, the discovery deadline passed. Additionally, by the time Plaintiff's motion for leave to amend was filed, the dispositive motion

6

deadline was only days away.  Summary judgment motions have now been filed, and both motions are now ripe.  Furthermore, trial is less than 8 weeks away (of course, trial was initially set to occur more than 9 months ago).

At bottom, Plaintiff knew of Ms. Trask-Rahn before this case.  But even if it had not, it has moved slowly since this case has commenced, has been granted numerous extensions, and has been repeatedly warned that there likely would be no further extensions.  Yet, even if Plaintiff was truly not in a position to seek leave to amend prior to Ms. Trask-Rahn's June 29, 2021 deposition, it was certainly in a position to do so when it filed its July 7, 2021 motion.  Under the circumstances, there is absolutely no excuse for then waiting over an additional month to file its motion for leave to amend.[4]  Plaintiff has clearly failed to establish good cause.[5]

---

[4] *Cf. Kerruish v. Essex Holdings, Inc.*, 777 F. App'x 285, 291 (11th Cir. 2019) ("Though the district court may extend discovery for good cause, it has no obligation to do so, and its decision to hold litigants to the clear terms of a scheduling order ordinarily will not constitute an abuse of discretion. Kerruish and Cressman offer no explanation for waiting until the eleventh hour to seek to depose a witness they must have known would be critical to their case. It was within the district court's discretion to hold them to the discovery deadline, particularly given the month it took them to serve Xavier a notice of intent to take his deposition after the district court demanded more alacrity." (internal citation omitted)).

[5] Since Plaintiff has failed to establish good cause under Rule 16(b)(4), it is not necessary to determine whether leave to amend would be warranted under Rule 15.  Nevertheless, in light of the circumstances discussed above and the rapidly-approaching trial date (which has been continued multiple times), I find that leave to amend would not be warranted under Rule 15 on grounds of undue delay and undue prejudice.  Notably, not only is this case more than 18 months old and at a stage where most pretrial deadlines have passed, but the events described in the complaint (as amended) occurred 4-6 years ago.  Granting the Motion would only result in a further delay of trial, given that it would necessitate reopening discovery and other deadlines.  I make no finding whether amendment would (or would not) be futile.

## **CONCLUSION**

For the reasons discussed above, it is **ORDERED and ADJUDGED** that the Motion [DE 215] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of September 2021.

Jared M. Strauss
United States Magistrate Judge