UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60268-STRAUSS

**INSPIRATIONS NEVADA LLC,**

    Plaintiff,

v.

**MED PRO BILLING, INC.,**

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER came before the Court upon Plaintiff's Motion for Summary Judgment ("Motion") [DE 228], pursuant to which Plaintiff seeks summary judgment on the claims asserted in Defendant's Counterclaim [DE 28] based upon Plaintiff's waiver defense. I have reviewed the Motion, all related filings, and the record in this case. As discussed herein, the Motion will be denied for two separate reasons: (1) Plaintiff failed to comply with Local Rule 56.1; and (2) Plaintiff failed to show that it wins on the merits.

**A. Plaintiff's Statement of Material Facts Is Deficient.**

Ordinarily, the first step in preparing an order on a motion for summary judgment is to address the undisputed facts. Here, however, that is difficult, if not impossible, given that Plaintiff's Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment ("SOMF") [DE 229] entirely misses the mark with respect to what is called for under Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1. To begin with, Plaintiff's SOMF does not set forth undisputed facts, or really, any material "facts." This is so even after the Court struck earlier summary judgment motions for noncompliance with Local Rule 56.1 and provided the

parties with an opportunity to remedy their noncompliance [DE 223].[1] As such, denial of the Motion is warranted on this basis alone.

"Summary judgment is appropriate only when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Boigris v. EWC P&T, LLC*, 7 F.4th 1079, 1084 (11th Cir. 2021) (quoting Fed. R. Civ. P. 56(a)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record," or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In this vein, Local Rule 56.1 requires a movant to submit a Statement of Material Facts, which must "list the material facts that the movant contends are not genuinely disputed." S.D. Fla. L.R. 56.1(a). As both Rule 56 and Local Rule 56.1 reveal, summary judgment motions must set forth "material facts" supported by record evidence. Yet, certain statements in Plaintiff's SOMF are not properly supported by record evidence; and aside from large excerpts of deposition testimony that have been copied and pasted, Plaintiff's SOMF generally contains only legal argument, legal conclusions, and other conclusory statements. Notably, "it is inappropriate to raise legal argument in a statement of material fact." *E.g.*, *Hurtado*

---

[1] Notably, in striking the parties' earlier summary judgment motions, *see* [DE 223], the Court stated that in any renewed summary judgment motions, "counsel shall certify that they have reviewed Local Rule 56.1 and that their filings fully comply with Local Rule 56.1." Additionally, the Court stated that the "certification for Plaintiff's motion shall be signed by Plaintiff's *local* counsel and by counsel who prepares the motion." Finally, the Court made clear that "[f]urther noncompliance with Local Rule 56.1 may result in the striking of a party's motion for summary judgment *with prejudice*." Remarkably, even though Plaintiff's counsel included the required certification (signed by both counsel), counsel still failed to comply with the rule. *Cf. Daneshpajouh v. Sage Dental Grp. of Fla., PLLC*, No. 19-CIV-62700-RAR, 2021 WL 3674655, at *1 (S.D. Fla. Aug. 18, 2021) ("The local rule is unambiguous: it requires specific references to record evidence in the statement of undisputed facts or the opposition to that statement (i.e., a *de facto* statement of disputed facts).") (quoting *Katchmore Luhrs, LLC v. Allianz Glob. Corp. & Specialty*, No. 15-CIV-23420, 2017 WL 432671, at *2-3 (S.D. Fla. Jan. 31, 2017))).

*v. Raly Dev., Inc.*, No. 11-24476-CIV, 2012 WL 3687488, at *15 (S.D. Fla. Aug. 27, 2012) (Altonaga, J.) (citations omitted). *See also Deegan v. Aquino*, No. 16-22820-CIV, 2018 WL 10399979, at *2 (S.D. Fla. Feb. 23, 2018) ("[S]tatements in the form of issues or legal conclusions (rather than material facts) will not be considered by the Court." (citation omitted)); *Hill v. Bella Mia, Inc.*, No. 16-CV-20757, 2018 WL 324265, at *1-2 (S.D. Fla. Jan. 4, 2018) (denying motion for summary judgment where claimed "undisputed facts" were "comprised largely of argument and legal conclusions").

Plaintiff's SOMF is divided into two sections. First, it contains a background section with four purported factual statements that do not appear to be relevant to establishing Plaintiff's waiver defense (which is the basis on which the Motion seeks summary judgment). In this first section of Plaintiff's SOMF, the second statement is somewhat conclusory, and the third statement is wholly conclusory. More significantly though, the four statements are not supported by record evidence. Instead, Plaintiff merely cites to its own Second Amended Complaint ("SAC") [DE 148] and the Court's Order [DE 166] dismissing 14 of the 15 claims in the SAC ("Dismissal Order"). But neither qualifies as evidence. The SAC, which is unsworn, is "not evidence and cannot be relied upon at the summary judgment stage." *Friends of Warm Min. Springs, Inc. v. McCarthy*, No. 8:13-CV-3236-T-23TGW, 2015 WL 2169241, at *4 n.8 (M.D. Fla. May 8, 2015) (quoting *Godman v. City of Largo, Fla.*, 2009 WL 1651524, at *9 (M.D. Fla. June 10, 2009)). *See also Garmley v. Cochran*, 651 F. App'x 933, 937 n.2 (11th Cir. 2016); *A&M Mgmt. Inc. v. Deme*, No. 18-63099-CIV, 2019 WL 12304825, at *2 (S.D. Fla. Dec. 2, 2019); *Toles v. Shuemake*, No. 6:18-CV-96, 2021 WL 971084, at *3 (S.D. Ga. Feb. 16, 2021), *report and recommendation adopted*, No. 6:18-CV-96, 2021 WL 964281 (S.D. Ga. Mar. 15, 2021). Moreover, the Dismissal Order accepted the SAC's allegations as true in accordance with the standard that governs motions

to dismiss, not because they have been shown to be true. In other words, factual statements made in the Dismissal Order are not evidence; they are merely Plaintiff's own allegations from the SAC. Thus, the first section of Plaintiff's SOMF does nothing to satisfy Plaintiff's initial burden as the movant. *See Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) ("The party seeking summary judgment bears the initial burden to demonstrate the basis for its motion, and must identify the portions of the record 'which it believes demonstrates the absence of a genuine issue of material fact.'" (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The second section of Plaintiff's SOMF apparently sets forth the evidence that Plaintiff believes establishes Plaintiff's waiver defense (i.e., what Plaintiff believes is material). It contains the following three statements, each of which is followed by large excerpts from a May 13, 2021 deposition of Defendant's corporate representative: (1) "Defendant Effectuated an Oral Waiver Despite the Written Provision Under Section 24 of the Billing Agreement"; (2) "Defendant Acknowledged the Binding Nature of Defendant's Oral Waiver"; and (3) "Plaintiff's Payment Obligation Was Waived Based upon Friendship Between Ms. Zachariasz and Mr. Proctor." SOMF § II.1-3. Clearly, these three statements contain legal argument and/or are conclusory. They do not set forth arguable "factual" statements. Moreover, among other issues, including, most importantly, the lack of any material factual statements, Plaintiff's SOMF does not set forth the provision of the Billing Agreement referred to in the first statement, does not include facts to explain who Ms. Zachariasz and Mr. Proctor are, and does not include a factual synopsis of the deposition testimony in a form that provides for the contemplated response under the Local Rules.

Also, as indicated above, Plaintiff apparently attempts to support the three statements by copying and pasting large deposition excerpts after each statement. Specifically, the three statements are followed by 16 pages, 7 pages, and 4 pages of deposition testimony, leaving it to

4

the Court to sift through the testimony and discern the specific facts Plaintiff believes it has proven. But it is not the Court's place to do Plaintiff's job for it. *See Daneshpajouh*, 2021 WL 3674655, at *2. In fact, "Local Rule 56.1 serves the valuable purpose of crystallizing the relevant factual disputes for the Court by allowing the non-movant to contest the specific factual assertions in each paragraph of the movant's statement." *Id.* (quoting *Laremore v. Holiday CVS, LLC*, No. 20-CIV-61650-RAR, 2021 WL 3053348, at *3 (S.D. Fla. July 20, 2021)). *See also Cannon v. Delray Realty Assocs., LLC*, No. 20-81178-CIV, 2021 WL 2661462, at *1 (S.D. Fla. Apr. 26, 2021) ("When a party properly complies with Local Rule 56.1, it is relatively easy for a court to determine whether there is a genuine disputed issue of fact. Failure to follow the letter and spirit of this imperative local rule imposes on the Court "an arduous process, and, in any event, generates unnecessary work for the court and its staff." (internal quotation marks and citation omitted)); *Bejerano v. Flex Fla. Corp.*, No. 18-20049-CIV, 2020 WL 4059604, at *3 (S.D. Fla. July 20, 2020) ("Not only does Local Rule 56.1, like the other local rules, have the force of law, it also serves more than a technical purpose: [T]he rules clear procedural directive is intended to reduce confusion and prevent the Court from having to scour the record and perform time-intensive fact searching." (internal quotation marks and citation omitted)); *Levin v. Nationwide Home Loans, Inc.*, No. 13-60306-CIV, 2014 WL 11531634, at *1 (S.D. Fla. Mar. 14, 2014). It is one thing to copy and paste 1 or 2 pages of crucial deposition testimony into a statement of facts. It is quite another to copy and paste 27 pages of deposition testimony for the Court to sort through.

Ultimately, Plaintiff's SOMF fails to comply with the letter and spirit of Local Rule 56.1.[2] Therefore, the Motion will be denied.

---

[2] To be fair, Defendant also violated Local Rule 56.1. It improperly included what are "additional facts" (as that term is used in Local Rule 56.1) in the introduction section of its response [DE 240] instead of its statement of material facts [DE 239]. *See* S.D. Fla. L.R. 56.1(b)(2)(D). But the

5

### B. Plaintiff Fails to Establish Entitlement to Judgment as a Matter of Law.

Given the deficiencies with Plaintiff's SOMF, Plaintiff has failed to establish that no genuine dispute of material fact exists. But even if Plaintiff had done so, it still fails to show that it wins on the merits as a matter of law. This second failure appears to stem from a fundamental misunderstanding of Florida law.

The following two sections of the Billing Agreement at issue are relevant to this discussion:

> **13. ENTIRE AGREEMENT:** This Agreement constitutes the entire Agreement between the parties and may not be modified except by written agreement executed by the parties.
>
> **24. WAIVER:** Any waiver of any provision hereof shall not be effective unless expressly made in writing executed by the party to be charged. The failure of any party to insist on performance of any of the terms or conditions of this Agreement shall not be construed as a waiver or relinquishment of any rights granted hereunder or of the future performance of any such term, covenant or condition, and the obligations of the parties with respect thereto shall continue in full force and effect.

Section 13 obviously provides that the Billing Agreement may only be modified in writing – in other words, it may not be modified orally. Section 24 is known as an anti-waiver clause.

"Florida courts have consistently enforced [anti-waiver] clauses." *Sacred Heart Health Sys., Inc. v. Humana Mil. Healthcare Servs., Inc.*, 601 F.3d 1159, 1182 (11th Cir. 2010) (quoting *Nat'l Home Communities, L.L.C. v. Friends of Sunshine Key, Inc.*, 874 So. 2d 631, 634 (Fla. 3d DCA 2004)). Significantly, when a contract contains an anti-waiver provision like the one in this case, the defenses of waiver and estoppel are typically defeated as a matter of law. *See id.*; *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, No. 12-61670-CIV, 2013 WL 6768641, at *8 (S.D. Fla. Dec. 20, 2013); *MaxMara Retail, Ltd. v. Bal Harbour Shops, LLP*, No. 1:12-CV-21423-UU,

---

magnitude of Defendant's failure pales in comparison to the magnitude of Plaintiff's failures, and regardless, Plaintiff failed to meet its summary judgment burden in the first instance.

2013 WL 12092079, at *3 (S.D. Fla. Feb. 22, 2013); *Nat'l Home Communities*, 874 So. 2d at 634; *Rybovich Boat Works, Inc. v. Atkins*, 587 So. 2d 519, 522 (Fla. 4th DCA 1991).

Nonetheless, pointing to the first sentence of section 24 (and seemingly ignoring the important language in the rest of that section), Plaintiff argues that Florida law permits oral modification of a contract even when a contract contains a provision requiring modifications to be in writing. In support of its argument, Plaintiff quotes a bankruptcy case that relies upon two Florida cases. *See* Motion at 3 (quoting *In re Elec. Mach. Enters., Inc.*, 416 B.R. 801 (Bankr. M.D. Fla. 2009), *not adopted in part on other grounds*, 474 B.R. 778 (M.D. Fla. 2012)). That case noted that "parties to a contract may modify the written agreement by subsequent oral agreement or course of dealing with one another despite the requirement of a writing in order to modify," *Elec. Mach. Enters.*, 416 B.R. at 886 (quoting *Linear Corp. v. Standard Hardware Co.*, 423 So. 2d 966, 968 (Fla. 1st DCA 1982)), and that "[a] 'subsequent course of dealing between the parties' may establish a waiver of a requirement that modifications must be made in writing," *id.* (quoting *Doral Country Club, Inc. v. Curcie Bros.*, 174 So. 2d 749, 751 (Fla. 3d DCA 1965)).

There are two issues with Plaintiff's reliance on this point of law. First, these cases did not involve the anti-waiver provisions at issue here. Instead, they involved provisions more akin to the written modification provision contained in section 13 of the Billing Agreement in this case. *See id.* (contract "can only be amended 'by a written document signed on behalf of HCC and Trade Contractor'"); *Linear Corp.*, 423 So. 2d at 967 ("In the event it is deemed necessary to alter or change this Agreement, said alteration or change must be made on this Agreement and said alteration or change must further be signed by the parties hereto in order to be binding upon the Company."); *Doral Country Club*, 174 So. 2d at 750-51 (indicating that contract required written

consent for additional work). *See also MaxMara Retail*, 2013 WL 12092079, at *4 (recognizing a distinction between "no-oral-modifications clauses" and "anti-waiver provisions").

Second, even if the Billing Agreement did not contain an anti-waiver provision and only contained the provision requiring modifications to be in writing, such a provision must still have meaning. *See Okeechobee Resorts, L.L.C. v. E Z Cash Pawn, Inc.*, 145 So. 3d 989, 993 (Fla. 4th DCA 2014). "So when a contract plainly provides that any modification must be in writing, all claims—however labeled—founded upon an alleged oral modification should generally be disposed of as a matter of law." *Id.* "The parties have dealt with the issue through a provision designed—and intended—to protect them against the risk of 'being enmeshed in, and harassed by' protracted litigation based upon alleged oral modifications, and courts should in most cases do no more than enforce the contract as written." *Id.* (internal citations omitted). For this reason, the court in *Okeechobee Resorts* persuasively explained that cases like *Linear Corp.*, on which Plaintiff relies, were somewhat loose in stating that parties may modify contracts orally or through their course of dealing notwithstanding a provision requiring modifications to be in writing. *Id.* at 994-95.

Now, it is possible for an oral modification to be enforceable notwithstanding a contract's requirement that modifications be in writing, but certain requirements must be met. *See id.* at 993-95. For such an oral modification to be enforceable, a party must show "that the oral amendment was 'accepted and acted upon by the parties in such a manner as would work a fraud on either party to refuse to enforce it.'" *Id.* at 995 (quoting *Pro. Ins. Corp. v. Cahill*, 90 So. 2d 916, 918 (Fla. 1956)). This requires pleading and proving that:

> (a) that the parties agreed upon and accepted the oral modification (i.e., mutual assent); *and* (b) that both parties (or at least the party seeking to enforce the amendment) performed consistent with the terms of the alleged oral modification (not merely consistent with their obligations under the original contract); *and* (c)

that due to plaintiff's performance under the contract as amended the defendant received and accepted a benefit that it otherwise was not entitled to under the original contract (i.e., independent consideration). Absent such a showing, the parties will be held to the bargain as negotiated and memorialized in their written agreement.

*Id.*

Plaintiff, however, does not even address the foregoing requirements in the Motion, and Defendant correctly notes in its Response that Plaintiff failed to provide evidence of any mutual agreement to waive Plaintiff's payment obligation under the Billing Agreement, [DE 240] at 6. Although Plaintiff seems to loosely address these requirements in its Reply, it still does not show that they are satisfied, and the Court cannot conclude that they are. The evidence does not show that the parties agreed to waive Plaintiff's payment obligation, and it does not show that they acted as if the obligation had been waived. At best, the evidence suggests that Defendant held off on pursuing litigation or collection activities. But that could not result in a waiver given the anti-waiver provision. Additionally, as to the issue of consideration, Plaintiff fails to show that Defendant "received and accepted a benefit that it otherwise was not entitled to under the original contract." *Okeechobee Resorts*, 145 So. 3d at 995. Also, some of the apparent facts that Plaintiff attempts to rely on are not included in Plaintiff's SOMF and/or unsupported by record citations.

Ultimately, a litany of issues stands in Plaintiff's way. Therefore, it is not entitled to summary judgment on its waiver defense.

## CONCLUSION

For the reasons discussed above, it is **ORDERED and ADJUDGED** that the Motion [DE 228] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of October 2021.

Jared M. Strauss
United States Magistrate Judge

9