UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60268-STRAUSS

**INSPIRATIONS NEVADA LLC,**

    Plaintiff,

v.

**MED PRO BILLING, INC.,**

    Defendant.
_____/

## ORDER ON MOTION TO TAX COSTS

THIS MATTER came before the Court upon the Motion to Tax Costs ("Motion") [DE 315] filed by Defendant/Counter-Plaintiff, Med Pro Billing, Inc. ("Med Pro"). I have reviewed the Motion, the attachments thereto, and all other pertinent portions of the record. Pursuant to the Motion, Med Pro seeks an award of costs against Plaintiff/Counter-Defendant, Inspirations Nevada LLC ("Inspirations"), in the amount of $8,321.65. Inspirations has not filed any response to the Motion, and the time to do so has passed. For the reasons discussed herein, the Motion will be granted.

## LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be

supported by a sound reason. *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## **ANALYSIS**

Inspirations commenced this action against Med Pro on February 7, 2020. *See* [DE 1]. On April 1, 2020, Med Pro filed a 3-count Counterclaim [DE 28] against Inspirations. Inspirations subsequently filed a 15-count Second Amended Complaint ("SAC") [DE 148] against Med Pro and three other defendants on April 8, 2021. Med Pro was named as a defendant in Counts 1, 2, 4, 8, 12, and 14. On May 26, 2021, the Court entered the Order on Motions to Dismiss [DE 166], dismissing Counts 2-15 of the SAC with prejudice. Thus, the sole remaining count of the SAC

was Count I, under which Inspirations alleged a claim for breach of contract against Med Pro. The parties subsequently proceeded to trial on that claim and on the Counterclaim. Med Pro, however, withdrew Counts II and III of the Counterclaim (which were brought in the alternative) before the case was submitted to the jury. *See* [DE 307] at 1 n.2. Thus, the only claims submitted to the jury were Inspirations' breach of contract claim against Med Pro (Count I of the SAC) and Med Pro's breach of contract claim against Inspirations (Count I of the Counterclaim). On November 9, 2021, the jury rendered a verdict in favor of Med Pro on both claims [DE 306], and the Court entered a Final Judgment [DE 307] in favor of Med Pro in accordance with the jury's verdict. As such, Med Pro is the prevailing party on the claims between Med Pro and Inspirations. Therefore, Med Pro is entitled to an award of costs against Inspirations.

Pursuant to the Motion, Med Pro seeks an award of the following costs:

| Description | Amount |
|---|---|
| Service of Subpoenas | $240.00 |
| Transcripts | $8,081.65 |
| **Total** | **$8,321.65** |

I find that the requested costs are reasonable and will, therefore, tax such costs against Inspirations. As an initial matter, Inspirations' failure to respond to the Motion "may be deemed sufficient cause for granting the [M]otion by default." S.D. Fla. L.R. 7.1(c)(1). Regardless, as discussed in the sections that follow, the costs sought are taxable, and the Court does not have the benefit of a response to indicate otherwise.

### A. SERVICE OF SUBPOENAS

Plaintiff seeks $240.00 for the service of subpoenas intended to secure Shelly Bailey's attendance at trial. This amount includes separate charges of $85.00 and $155.00 because Med Pro served Inspirations' counsel with a subpoena for Ms. Bailey before serving Ms. Bailey directly.

Section 1920(1) permits the taxing of "[f]ees of the clerk and marshal." This includes fees for serving subpoenas including subpoenas served by private process servers. *See* 28 U.S.C. § 1921; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). However, the subpoena service fee charged by a private process server may not exceed the amount charged by the U.S. Marshal. *See W&O*, 213 F.3d at 624. The Marshal charges $65 per hour for each item served. 28 C.F.R. § 0.114(a)(3).

Ordinarily, the $240.00 amount sought would be limited to $130.00 ($65 per subpoena). However, I agree with Med Pro that the additional amounts sought are warranted under the circumstances. Ms. Bailey previously filed a Declaration [DE 7] indicating that she is the manager, and a member of, Inspirations. As Med Pro notes in the Motion, throughout the litigation, Inspirations' counsel has listed its own address for Ms. Bailey (Shelly Bailey c/o Inspirations' counsel) rather than listing Ms. Bailey's address. It is ultimately Inspirations' conduct that resulted in the increased subpoena service expenses. Therefore, and because Inspirations has failed to respond to the Motion, the $240.00 sought will be awarded.

### B. COURT REPORTER AND TRANSCRIPT COSTS

Med Pro is entitled to recover the $8,081.65 sought in court reporter and transcript expenses. The taxing of costs is permitted for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Thus, deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case." *W&O*, 213 F.3d at 621. *See also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391 (S.D. Fla. Nov. 10, 2015). Court reporter attendance fees are also taxable under § 1920(2). *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012). However, exhibit expenses are generally not taxable. *See id.* In addition, transcript

4

shipping expenses are not recoverable. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012).[1]

To satisfy the necessarily obtained requirement – in order to recover transcript and court reporter appearance expenses – a deposition must only appear to have been reasonably necessary when it was taken. *See W&O*, 213 F.3d at 620-22; *Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391. Moreover, the party challenging the cost has the burden of demonstrating that the specific deposition "was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391 (quoting *George v. Fla. Dep't of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)).

Med Pro seeks to recover court reporter and transcript expenses for eight different occasions. *See* [DE 315-1] at 6; [DE 315-3] at 6-14. It posits that all of the transcripts were necessarily obtained for use in the case. By failing to respond to the Motion, Inspirations has failed to discharge its burden of showing otherwise. Therefore, the court reporter and transcript expenses will be awarded. Notably, a comparison of Med Pro's memorandum and the exhibits to the Motion reveals that Med Pro removed costs related to exhibits and delivery/handling before filing the Motion. As such, the court reporter and transcript costs sought (in the amount of $8,081.65) are reasonable and will be taxed against Inspirations.

---

[1] *But see Ashkenazi v. S. Broward Hosp. Dist.*, No. 11-61403-CIV, 2014 WL 3673308, at *2 (S.D. Fla. July 23, 2014) ("Unless shown to be necessary, optional deposition costs such as delivery and exhibits are not recoverable under 28 U.S.C. § 1920(2). Here, Defendant has failed to demonstrate that it could not have obtained the deposition transcripts other than by paying to have them delivered. Similarly, Defendant has not shown that it otherwise lacked access to the deposition exhibits. Without evidence that these charges were necessary, rather than just convenient, the Court declines to tax the costs against Plaintiff." (internal citations omitted)).

**CONCLUSION**

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Motion [DE 315] is **GRANTED**. Defendant/Counter-Plaintiff, Med Pro Billing, Inc., shall recover from Plaintiff/Counter-Defendant, Inspirations Nevada LLC, taxable costs in the amount of **$8,321.65**, plus post-judgment interest at the applicable rate (from November 9, 2021),[2] for which let execution issue.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of February 2022.

Jared M. Strauss
United States Magistrate Judge

---

[2] *See Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.").