UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60268-STRAUSS

**INSPIRATIONS NEVADA LLC,**

    Plaintiff,

v.

**MED PRO BILLING, INC.,**

    Defendant.
_____/

## ORDER ON MOTIONS FOR ATTORNEYS' FEES

THIS MATTER came before the Court upon four separate motions for attorneys' fees [DE 318, 319, 320, 322] (collectively, the "Motions") filed by Defendant/Counter-Plaintiff, Med Pro Billing, Inc. ("Med Pro"). Each of the Motions pertains to a different law firm that represented Med Pro during the course of this matter. I have reviewed the Motions, the attachments to the Motions, and all other pertinent portions of the record. Plaintiff/Counter-Defendant, Inspirations Nevada LLC ("Inspirations"), has not filed any response to the Motions (despite receiving proper notice of the Motions), and the time to do so has passed.[1] For the reasons discussed herein, the Motions will be granted in part and denied in part.

## BACKGROUND

Inspirations commenced this action against Med Pro on February 7, 2020. *See* [DE 1]. On April 1, 2020, Med Pro filed a 3-count Counterclaim [DE 28] against Inspirations. Inspirations subsequently filed a 15-count Second Amended Complaint ("SAC") [DE 148] against Med Pro

---

[1] Inspirations' failure to respond to the Motion "may be deemed sufficient cause for granting the [M]otion[s] by default." S.D. Fla. L.R. 7.1(c)(1). Nevertheless, I still analyze the issues of entitlement and reasonableness below. However, the reductions made to hours billed may have been greater had Inspirations responded to the Motion.

and three other defendants on April 8, 2021. Med Pro was named as a defendant in Counts 1, 2, 4, 8, 12, and 14. On May 26, 2021, the Court entered the Order on Motions to Dismiss [DE 166], dismissing Counts 2-15 of the SAC with prejudice. Thus, the sole remaining count of the SAC was Count I, under which Inspirations alleged a claim for breach of contract against Med Pro. The parties subsequently proceeded to trial on that claim and on the Counterclaim. Med Pro, however, withdrew Counts II and III of the Counterclaim (which were brought in the alternative) before the case was submitted to the jury. *See* [DE 307] at 1 n.2. Thus, the only claims submitted to the jury were Inspirations' breach of contract claim against Med Pro (Count I of the SAC) and Med Pro's breach of contract claim against Inspirations (Count I of the Counterclaim). On November 9, 2021, the jury rendered a verdict in favor of Med Pro on both claims [DE 306], and the Court entered a Final Judgment [DE 307] in favor of Med Pro in accordance with the jury's verdict.

## ANALYSIS

### I. ENTITLEMENT

Med Pro is entitled to an award of reasonable attorneys' fees. Both parties' breach of contract claims were premised upon a Billing Agreement [DE 148-1]. Section 15 of the Billing Agreement provides that:

> The prevailing party shall be entitled to reasonable attorneys' fees and court costs in the event that legal services are used in connection with the collection or enforcement arising from or related to this Agreement, whether or not suit is brought and whether incurred at trial, on appeal, in bankruptcy proceedings or otherwise.

Because Med Pro prevailed on its breach of contract claim against Inspirations and on all of Inspirations' claims against Med Pro, Med Pro is clearly the prevailing party on the claims between Med Pro and Inspirations. Therefore, Med Pro is entitled to an award of reasonable attorneys' fees

against Inspirations in accordance with Section 15 of the Billing Agreement. Moreover, as noted above, Inspirations has failed to file any response to contest entitlement.

## II. REASONABLE ATTORNEYS' FEES

### A. Legal Standard

When determining the reasonableness of attorneys' fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, s*ee id.* at 1301-02, which is "strongly presumed to be reasonable." *Martinez v. Hernando Cnty. Sheriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment,

courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

**B. Discussion**

I find that Med Pro reasonably incurred $311,037.30 in attorneys' fees in this matter. The following chart contains a summary of the hourly rates and number of hours requested for each timekeeper,[2] the rates and number of hours being awarded as to each timekeeper, and the total fee award as to each timekeeper. The chart also contains a column indicating the year in which attorneys were admitted to the Florida Bar (and, for one attorney, the Georgia Bar). That column is blank for three individuals, as they are paralegals.

---

[2] In addition to the hours reflected in the chart below, Med Pro seeks to recover additional fees incurred in connection with preparing the Motions. However, I decline to award any such fees. Inexplicably, each of the four law firms that represented Med Pro during this case seeks to recover a substantial amount of hours for preparing the *same recycled fee motion* – 8 hours, 8 hours, 7 hours, and 20 hours, respectively (for an astounding total of 43 hours). As an initial matter, Med Pro should have filed a single fee motion rather than four separate, repetitive versions of the same motion. At any rate, without any clear, reliable indication of who actually prepared the form of motion and the hours that were actually spent preparing the Motions, the Court will not award fees in connection with the preparation of the Motions.

| Timekeeper | Admitted to Bar | Rate Requested | Hours Requested | Rate Awarded | Hours Awarded | Amount Awarded |
|---|---|---|---|---|---|---|
| Eric Rayman | 2006 | $300 | 150.8 | $300 | 135.72 | $40,716.00 |
| Leonor Lagomasino | 1988 | $300 | 58.8 | $300 | 52.92 | $15,876.00 |
| Pedro Hernandez | 2006 | $300 | 1.2 | $300 | 1.08 | $324.00 |
| Mayda Mallory | 2018 | $250 | 1.8 | $250 | 1.62 | $405.00 |
| Steven Gonzalez | 2003 | $350 | 70.5 | $350 | 63.45 | $22,207.50 |
| Matthew Marrone | 2005 (GA) 2009 (FL) | $350 | 162.8 | $350 | 146.52 | $51,282.00 |
| Alexander Heydemann | 2014 | $350 | 26.7 | $325 | 24.03 | $7,809.75 |
| Jose De La Cruz | 2019 | $325 | 28.3 | $250 | 25.47 | $6,367.50 |
| Kristin Greenslit | | $175 | 43.5 | $95 | 39.15 | $3,719.25 |
| Michael Alvarez | | $175 | 2.1 | $95 | 1.89 | $179.55 |
| Levi Williams | 1995 | $400 | 226 | $400 | 203.4 | $81,360.00 |
| Chad Marcus | 2017 | $400 | 299.1 | $300 | 269.19 | $80,757.00 |
| Georgette Douglass | | $75 | 0.5 | $75 | 0.45 | $33.75 |
| **Total** | | | | | | **$311,037.30** |

With respect to the number of hours awarded, I applied an across-the-board reduction of 10%. Although Local Rule 7.1 permits the granting of the motion by default, courts still have an independent obligation to only award reasonable attorneys' fees, even in a default situation. *See Caplan v. Rehabclinics (PTA) Inc.*, No. 19-CV-62890, 2020 WL 3977140, at *3 n.2 (S.D. Fla. July 13, 2020); *Barrios v. S. & Caribbean Agencies, Inc.*, No. 18-21550-CV, 2020 WL 7481869, at *1 (S.D. Fla. Feb. 3, 2020), *report and recommendation adopted*, 2020 WL 7481965 (S.D. Fla. Feb. 25, 2020); *Barrera v. Officina, Inc.*, No. 10-21382-CIV, 2012 WL 692212, at *1 (S.D. Fla. Mar. 2, 2012). However, I have balanced this obligation with countervailing considerations, including that Inspirations had the burden of specifically and precisely pointing out unreasonable hours. *See*

5

*Barnes*, 168 F.3d at 428 ("Those opposing fee applications have obligations, too. In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" (quoting *Norman*, 836 F.2d at 1301)).  Because Inspirations failed to discharge its burden, I only applied a modest reduction of 10%.

I find that the 10% reduction is necessary and appropriate to account for duplication. During the pendency of this case, Med Pro retained, and was represented by, four different law firms (at different stages).  It is unclear why Med Pro changed law firms so many times during the course of the litigation.  Regardless, it did.  Inspirations should not have to pay for the additional hours that were incurred solely due to these changes in representation.  *See Barnes*, 168 F.3d at 428 ("Courts are not authorized to be generous with the money of others.").

There are numerous billing entries that include time that would not have been incurred had Med Pro not changed counsel so frequently.  For instance, the very first billing entry by Med Pro's third set of attorneys is a 4-hour entry stating "[b]egin review of file to get up to speed on case." [DE 319-4] at 20.  The very next entry for 5.7 hours also includes time (from a different attorney) for reviewing the docket and various pleadings and other filings (pleadings and filings that prior counsel would have also reviewed, or prepared).  These examples are only two of several, and the billing records from Med Pro's second and fourth sets of attorneys likewise contain multiple entries for similar work that duplicated work performed by predecessor counsel.  Now, none of this is to say that the work performed was not necessary upon coming into the case.  It was. However, Inspirations should not have to pay for work that was only necessary because Med Pro decided to change counsel every few months.

With respect to hourly rates, I also find that some reductions are warranted. As the party seeking an award of fees, Med Pro has the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303). "A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* at 436 (quoting *Norman*, 836 F.2d at 1299). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Id.* at 437 (citing *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994)).

Based on my own knowledge regarding reasonable hourly rates in this community and my consideration of applicable law, and taking into account the background, experience, and qualifications of the different timekeepers (to the extent such information has been provided), I find that the awarded rates reflected in the chart above are reasonable. First, the requested $300 rate for attorneys Eric Rayman, Leonor Lagomasino, and Pedro Hernandez, the requested $350 rate for attorneys Steven Gonzalez and Matthew Marrone, and the requested $400 rate for attorney Levi Williams are reasonable. These six attorneys have all been admitted to the Florida Bar (or Georgia Bar) for at least 15 years (and in Mr. Williams' case, for over 25 years). Second, the requested rate of $250 for attorney Mayda Mallory is reasonable. Third, the requested rate of $75 for paralegal Georgette Douglass is reasonable.

However, based on the information (often only limited information) provided as to other timekeepers, I find that the other requested rates must be reduced to be reasonable. First, I have reduced attorney Alexander Heydemann's rate from $350 to $325. Although Mr. Heydemann is a partner at his firm, during his firm's involvement in this case, he had only been a member of the

7

Bar for roughly 6.5 years, and Med Pro does not provide any other information regarding Mr. Heydemann aside from his areas of practice. *Cf. EWC Franchise, LLC v. DOC Dev., LLC*, No. 20-CV-60035, 2020 WL 8093447, at *2-3 (S.D. Fla. Dec. 23, 2020), *report and recommendation adopted*, 2021 WL 124415 (S.D. Fla. Jan. 13, 2021) (reducing rate of attorney with approximately nine years of experience from $350 to $325). Second, I have reduced attorney Chad Marcus's rate from $400 to $300. Mr. Marcus has only been a member of the Bar for 4 years, and while his areas of practice are also disclosed, no other information is provided. *Cf. Beyond Games Ltd. v. Yossi Gallo Galimidi*, No. 20-23072-CIV, 2021 WL 4443943, at *6 (S.D. Fla. Jan. 27, 2021), *report and recommendation adopted*, 2021 WL 4441407 (S.D. Fla. Sept. 28, 2021) (finding $285 to be reasonable rate for attorney with three years of experience). Third, I have reduced attorney Jose De La Cruz's rate from $325 to $250. At the time he worked on this case, he had been an attorney for less than 2 years. *Cf. EWC Franchise*, 2020 WL 8093447, at *2-3 (reducing rate of attorney who had only practiced for one year at the time of her work on the case from $325 to $250). Finally, I have reduced the rates for Kristin Greenslit and Michael Alvarez, both paralegals, from $175 to $95. While a reasonable rate for a paralegal is often (though not always) greater than $95, no information is provided regarding Ms. Greenslit and Mr. Alvarez (other than that they are paralegals). Therefore, I cannot find a greater rate to be reasonable under the circumstances.[3]

In light of my findings regarding the reasonable hourly rates for all timekeepers and the number of hours that they reasonably billed, I find the lodestar amount for this matter to be

---

[3] I have similarly reduced paralegal rates in the past to $95 when no information regarding their experience and qualifications was provided, as have other judges in this district. *See Rehabclinics (PTA)*, 2020 WL 3977140, at *4; *Caplan v. 101 Vapor & Smoke, LLC*, No. 18-cv-23049-KMM, 2019 U.S. Dist. LEXIS 142994, at *14 (S.D. Fla. Aug. 21, 2019), *report and recommendation adopted*, No. 18-cv-23049, at DE 39 (S.D. Fla. Sept. 16, 2019).

$311,037.30. Additionally, I find that the lodestar figure represents a reasonable attorneys' fee award here. Therefore, Med Pro will be awarded attorneys' fees in that amount.

## CONCLUSION

For the reasons discussed above, it is **ORDERED and ADJUDGED** that the Motions [DE 318, 319, 320, 322] are **GRANTED IN PART and DENIED IN PART**. Defendant/Counter-Plaintiff, Med Pro Billing, Inc., shall recover from Plaintiff/Counter-Defendant, Inspirations Nevada LLC, attorneys' fees in the amount of **$311,037.30**, for which let execution issue.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 10th day of February 2022.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge